**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Luis PEREZ–SERANO,**
**Defendant–Appellant.**

No. 04–50754.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 2, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas San Antonio, TX, for Plaintiff–Appellee.

M Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit Judges.

PER CURIAM: *

Jose Luis Perez–Serano (Perez) appeals the sentence he received after he pleaded guilty to illegal reentry. Perez's argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000); *see also Shepard v. United States,* —— U.S. ——, ——, 125 S.Ct. 1254, 1262, 161 L.Ed.2d 205 (2005).

The parties agree that the district court committed error that is plain when it enhanced Perez's sentence based on facts that were not found by a jury or admitted by Perez and when it sentenced Perez using Guidelines that it believed were mandatory. *See United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (U.S. Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 731 (5th Cir.2005). Perez, however, fails to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzuela–Quevedo,* 407 F.3d 728, 731; *see also Mares,* 402 F.3d at 521. Therefore, the district court's sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

